**Phillip DRUOT, An Individual and Shareholder of Stonehill Restaurant, Inc., and Alona Druot, et ux., Appellants**

v.

**Jerrilyn COULTER, Individually, and as an Officer of Stonehill Restaurant, Inc., and George Van Vugt, Individually and as an Officer of Stonehill Restaurant, Inc., and Stonehill Restaurant, Inc.**

Superior Court of Pennsylvania.

Filed March 26, 2008.

Salvatore P.J. Vito, Stroudsburg, for appellants.

Sanford D. Beecher, Milford, for appellees.

BEFORE: KLEIN, BENDER and HUDOCK, JJ.

OPINION PER CURIAM:

¶ 1 This appeal has been taken from the order of November 14, 2007 granting the motion of appellees, defendants below, for summary judgment as to all counts of the complaint filed by appellants, plaintiffs below. The November 14th order did not dispose of any of the seven counterclaims filed by appellees in the trial court. Appellees have filed a motion to quash this appeal as interlocutory. We grant Appellees' motion to quash.

¶ 2 Prior to the 1992 amendment to Pa. R.A.P. 341(c), if the counterclaim was unrelated to the original complaint and the original plaintiff was "put out of court" by the ruling on summary judgment, there was an argument that although a counterclaim was still outstanding, the order was final as to the original claim. However, Rule 341 now reads in relevant part:

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties [.]

\* \* \* \* \* \*

**(b) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341; *see also* Pa.R.A.P. 341, *Note* (partial list of orders previously interpreted as appealable as final orders under Rule 341 that are no longer appealable as of right, including order dismissing a complaint but leaving pending a counterclaim).

¶ 3 Read together, if a counterclaim remains outstanding, then all claims of all parties are *not* disposed of and the only way this can be considered a final order for purposes of an immediate appeal is if there is "an express determination that an immediate appeal would facilitate resolution of the entire case," which was not done in this case. *See* Pa.R.A.P. 341(c).

¶ 4 Although the November 14th order granted appellees' motion for summary judgment as to all three counts of appellants' complaint, appellees' seven counterclaims remain viable and pending in the trial court. The November 14th order did not dispose of all claims and parties pursuant to Pa.R.A.P. 341. Therefore, the order is interlocutory and unappealable. *See Moore Motors, Inc. v. Beaudry,* 775 A.2d

869 (Pa.Super.2001) (dismissal of complaint with dismissal of only one count of multi-count counterclaim is interlocutory and unappealable); *see also Spuglio v. Cugini,* 818 A.2d 1286 (Pa.Super.2003) (orders granting preliminary objections disposing of some, but not all parties or claims, were interlocutory and unappealable); *Continental Bank v. Andrew Build. Co.,* 436 Pa.Super. 559, 648 A.2d 551 (1994) (order granting preliminary objections to new matter and counterclaim is not final order under Rule 341 because initial mortgage foreclosure action still remained viable).

¶ 5 Appellees' motion to quash this appeal as interlocutory is granted. Appeal quashed. Appellees' request for attorney's fees and expenses is denied.