## Hueitt v. Philadelphia Media Holdings, LLC

416

*Gerard Jacob Martillotti,* for plaintiff.
*Ralph P. Bocchino, James William Gicking* and *Robert C. Geller, Jr.,* for defendants.

MASSIAH-JACKSON, *J.,* October 7, 2013—

## A. FACTUAL BACKGROUND and PROCEDURAL HISTORY

In October, 2006, Ms. Harriet Hueitt was driving her car in Southwest Philadelphia, when she stopped at the intersection to purchase a Philadelphia Daily News from a man standing in the roadway. Ms. Hueitt's vehicle was struck from behind by Mr. Jeffrey Alexander Vargas.

As a result of the injuries sustained by the impact, Plaintiff-Hueitt commenced this litigation in 2008, against Mr. Vargas and Philadelphia Media Holdings, LLC ("PMH"). When discovery was complete, PMH filed a motion for summary judgment. On June 13, 2011, this

court granted the motion and dismissed all claims against PMH.

Plaintiff-Hueitt filed an appeal to the Honorable Superior Court at 1922 EDA 2011. On August 2, 2011, this trial court filed an opinion as per Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. *See* court exhibit "A", attached hereto. On January 13, 2013, the appeal was quashed as interlocutory. *See* court exhibit "B", attached hereto.

Counsel and this court acknowledge the procedural questions raised by the Honorable appellate court in its memorandum, filed on January 28, 2013. By hearing transcript of July 30, 2013, which has been filed on the docket, and by additional records submitted, this court believes that the sole issue remaining is to determine whether PMH can be found liable to Ms. Hueitt. This trial court concluded that an immediate appeal would facilitate resolution of the entire case. On August 14, 2013, a final order was signed and filed by the court. *See* court exhibit "C", attached hereto.

For all of the reasons set forth in the trial court's opinion, dated August 2, 2011, and as set forth below, this court concludes that neither the news hawker nor PMH owed a duty of care to Ms. Hueitt, and, did not breach any duty toward Ms. Hueitt, and, as presented in the materials submitted by PMH, the actions of a street hawker were so remote in the causal chain that PMH can not be held legally responsible as a matter of law.

## B. LEGAL DISCUSSION

Generally, where the defendant and plaintiff are

strangers, a court applies a general duty of care required of all persons to not place another at an unreasonable risk of harm by way of their actions.

Duty, in any given situation, is predicated upon the relationship existing between the parties at the relevant time. *Morena v. South Hills Health System*, 462 A.2d 680 (Pa. 1983); *Alumni Association v. Sullivan*, 535 A.2d 1095 (Pa. Superior Ct. 1987).

The facts herein reveal that the newspaper hawker was standing in the intersection of the street. It was Ms. Hueitt who drove toward him and then stopped her vehicle. Where the parties are strangers to each other the scope of general duty of care is limited to those risks which are reasonably foreseeable. *See, Kleinknecht v. Gettysburg College*, 989 F.2d 1360 (3rd Cir. 1993) where the court of appeals provided an overview of well-established Pennsylvania negligence law and duty of care. In this case, Ms. Hueitt did not present anything in these facts to put a newspaper hawker on notice that Mr. Vargas would drive in a negligent manner. *See also*, 75 Pa. C.S.A. §3361 (assured clear distance rule); *Dahlstrom v. Shrum*, 84 A.2d 289 (Pa. 1951).

In *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36 (Pa. Superior Ct. 2000), the appellate court held that under the common law, absent a special relationship, there is no duty (news hawker) to control the conduct of a third person (Mr. Vargas) to protect another (Ms. Hueitt) from harm. *See* also, §315 Restatement (Second) of Torts.

## C. CONCLUSION

For all of the reasons set forth above, this opinion is filed

per Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure to provide an explanation why the motion for summary judgment filed by Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News was granted and all claims against PMH were dismissed.

## A. FACTUAL BACKGROUND and PROCEDURAL HISTORY

Looking at the record in a light most favorable to plaintiff: On October 6, 2006, Ms. Harriet Hueitt was driving near the busy intersection of Bartram Avenue and Island Avenue in Philadelphia. When she observed a newspaper vendor in the roadway selling papers, plaintiff-Hueitt stopped her car and was in the process of purchasing a newspaper. Suddenly and without warning, her automobile was hit from behind by a vehicle driven by Jeffrey Vargas. The plaintiff suffered serious and permanent injuries as a result of the impact.

Plaintiff-Hueitt commenced this litigation in 2008, naming Mr. Vargas and Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News, (""PMH"), as defendants. Ms. Hueitt sued the PMH for negligence. Specifically, she claimed that in count II of her complaint:

"25. The act of attempting to make a sale of a product in a designated roadway such as Island and Bartram Avenues, is negligent, unsafe and dangerous, in that their actions impede the safe flow of traffic and results in traffic stopping on the roadways.

26. Defendant's act of soliciting and selling a newspaper to the plaintiff on the roadway of Island Avenue was negligent and unsafe act."

On April 29, 2011, PMH filed a motion for summary judgment. On June 13, 2011, this court entered an order granting summary judgment. See, court exhibit "A", attached hereto. Plaintiff-Hueitt promptly filed an appeal to the Honorable Superior Court.

In accordance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, this court submits this brief opinion of the reasons for the order.

## B. LEGAL DISCUSSION

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that when the record contains insufficient evidence or facts to make out a prima facie cause of action, then judgment may be entered in favor of the defendant as a matter of law. *e.g. Ertel v. The Patriot-News Company*, 674 A.2d 1038, 1042 (Pa. 1996) and cases cited therein; *Penn Center House, Inc. v. Hoffman*, 553 A.2d 990 (Pa. 1989).

Initially, it must be noted that the reasons presented by PMH in support of its motion for summary judgment are compelling and persuasive and are adopted as if set for herein.

In addition to the reasons submitted by the defendant, this court concludes that the newspaper vendor owed no duty of care to Ms. Hueitt that was relevant to the facts of this case.

In *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218 (Pa. 2002), the Supreme Court cited Prosser and Keeton on the Law of Torts, §53, to "resolve the fundamental question of whether the plaintiff's interests are entitled to legal protection against the defendant's

conduct." 812 A.2d at 1222:

"A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another."

*See also, Brezenski v. World Truck Transfer*, 755 A.2d 36 (Pa. Superior Ct. 2000).

The undisputed facts here are that the vendor was standing in a public street with his newspapers. Ms. Hueitt was a stranger present on the same street. She approached the vendor. Ordinary care did not require the vendor to do something that he did not do or not do something that he did do vis-a-vis plaintiff-Hueitt. The news vendor had no legal obligation to the plaintiff based on these facts.

## C. CONCLUSION

For all of the reasons set forth above, the Order granting summary judgment was entered on June 13, 2011.

## ORDER

And now, this 13rd day of June 2011, upon consideration of the motion for summary judgment of defendant, Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News, and any responses thereto, it is hereby ordered and decreed that said motion is granted and that all claims against defendant, Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News in plaintiff's complaint are dismissed with prejudice.

Appellant, Harriet Hueitt, appeals from the order entered in the Philadelphia County Court of Common Pleas granting summary judgment in favor of appellee,

Philadelphia Media Holdings, LLC, doing business as the Philadelphia Daily News [hereinafter "Daily News"]. Because, inter alia, Ms. Hueitt has an outstanding claim against co-defendant Jeffrey Alexander Vargas, we quash.[1]

We briefly state the facts, which are generally undisputed, in the light most favorable to Ms. Hueitt.[2] In the early morning of October 6, 2006, Ms. Hueitt was driving on Island Avenue in northeast Philadelphia. She stopped at the intersection with Bartram Avenue to purchase a Philadelphia Daily News newspaper from a street vendor. Mr. Vargas, who was driving behind Ms. Hueitt, rear-ended her vehicle. As a result, Ms. Hueitt was injured.

The street vendor is known as a "hawker." The Daily News sells newspapers to contractors.[3] Ex. B to Daily News's mem. of law in support of mot. for summ. j. The contractors, in turn, hire and train homeless or disadvantaged people-"hawkers"-to sell newspapers. *Id.* The agreement between the Daily News and the contractors specifies the general areas within which they may sell. Ex. C. to Daily News's mem. of law in support

---

1. The record reflects an amended complaint correcting the name of Mr. Vargas.

2. Ms. Hueitt included documents in the reproduced record that were not in the certified record.

In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent-a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.... Simply put, if a document is not in the certified record, the Superior Court may not consider it.

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) (citations omitted). Thus, we disregarded any factual allegations made by the parties that were not substantiated by the certified record or outside our scope of review. *See id.*

3. The parties dispute whether the contractors are independent.

of mot. for summ. j. The agreement also contains a risk of loss provision:

> RISK OF LOSS. Upon Contractor's pick-up of Newspapers from [Daily News], the risk of loss with respect to the Newspapers, and the title to the Newspapers, passes to Contractor who then becomes responsible for any damaged or extra Newspapers that were picked up. In addition, Contractor bears all other risks incurred in running Contractor's business, including the risk of loss of non-payment by purchasers.

*Id.* The contractors also indemnify Daily News for any injuries resulting from any actions or omissions by the contractors and hawkers. *Id.*

Ms. Hueitt filed a complaint against the Daily News and Mr. Vargas. Ms. Hueitt raised two separate claims: a claim of negligence against the Daily News and a claim of negligence against Mr. Vargas. Ms. Hueitt's Am. Compl. The Daily News joined Timothy B. Keeley, also known as Timothy B. Keeley, Sr., as an additional defendant. Joinder Compl. of Daily News. The Daily News alleged Mr. Keeley was the contractor who supervised the hawker in this case and also invoked indemnification. Mr. Vargas raised a cross-claim of negligence against the Daily News. Mr. Vargas's Answer with New Matter to Ms. Huiett's Am. Compl. No party sued the hawker.

Discovery ensued. The Daily News filed a motion for summary judgment. On June 13, 2011, the trial court granted the Daily News's motion and dismissed Ms. Hueitt's claims against the Daily News only. Order, 6/13/11. The order did not express "that an immediate appeal would facilitate resolution of the entire case." *See*

Pa.R.A.P. 341.

Ms. Hueitt filed a timely notice of appeal on July 7, 2011. On July 22, 2011, the trial court sua sponte ordered that "Plaintiff's[4] case against... Timothy Keeley is non-prossed." Order, 7/22/11. The record does not reflect any disposition of the other outstanding claims.

Because of these outstanding claims, we examine the propriety of this appeal. Pennsylvania Rule of Appellate Procedure 341 defines a final order for purposes of appeal:

(a) General rule. Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) Definition of final order. A final order is any order that:

(1) disposes of all claims and of all parties....

\*\*\*

(c) Determination of finality. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate

---

4. It is unclear whether the trial court was referring to Ms. Hueitt, as the original plaintiff, or the Daily News, as the "joinder plaintiff." *See 202 Island Car Wash, L.P. v. Monridge Const., Inc.,* 913 A.2d 922, 927 (Pa. Super. 2006) (stating, "where the original defendant has properly joined an additional defendant..., the plaintiff's case may proceed just as if the plaintiff filed those claims directly against the additional defendant." (citations omitted)).

appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(a)-(c). "The key inquiry in any determination of finality is whether there is an outstanding claim." *Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009) (citing Pa.R.A.P. 341).

In this case, Ms. Hueitt has an outstanding claim of negligence against Mr. Vargas.[5] Mr. Vargas has an unresolved cross-claim of negligence against the Daily News. At least one party has an open claim against Mr. Keeley, *See* n.4, *supra*. Because of these outstanding claims, the June 13, 2011 order granting summary judgment in favor of the Daily News is not a final order for purposes of appeal. *See* Pa.R.A.P. 341(b)-(c). The trial court did not indicate "that an immediate appeal would facilitate resolution of the entire case." *See* Pa.R.A.P. 341(c). Accordingly, we quash because the appeal is interlocutory. *See Druot v. Coulter*, 946 A.2d 708, 710 (Pa. Super. 2008) (*per curiam*) (quashing appeal from order granting summary judgment adverse to all claims raised by plaintiffs but leaving unresolved defendants' counterclaims).

Appeal quashed.

---

5. We acknowledge the allegation that Ms. Hueitt and Mr. Vargas settled a claim. The alleged settlement, however, is not in the certified record. *See Preston*, 904 A.2d at 6-7. Further, even if the settlement was part of the certified record, we suggest the claim would be outstanding pending compliance with Pa.R.C.P. 229. Pennsylvania Rule of Civil Procedure 229 provides that a "discontinuance *shall be the exclusive method* of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229 (emphasis added); *see also* Fed. R. Civ. P. 41. Indeed, marking a case as settled on the docket does not necessarily terminate the case. *Cameron v. Great Atl. & Pac. Tea Co.*, 266 A.2d 715, 717 (Pa. 1970) (holding case was still pending given, *inter alia*, "tentative nature of the docket entry-'Case *reported* settled'").

426

## ORDER

And now, this 14th day of August, 2013, upon consideration of the motion to discontinue and end the plaintiff's claims against defendants Jeffrey Alexander Vargas and Timothy Keeley, a/k/a Timothy B. Keeley, Sr., and the response thereto by defendant, Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News, it is hereby ordered and decreed that:

(1) Plaintiffs' claims against defendant Jeffrey Alexander Vargas and Timothy Keeley a/k/a Timothy B. Keeley, Sr. are hereby marked as discontinued and ended; and

(2) Defendant Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News' cross-claims against co-defendant Jeffrey Alexander Vargas remain in effect and the stipulation of dismissal and this order have no effect on defendant Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News' right to proceed against Jeffrey Alexander Vargas at the time of trial; and

(3) The claims contained in defendant Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News' Joinder Complaint against additional defendant Timothy Keeley a/k/a Timothy Keeley, Sr., remain in effect and the stipulation of dismissal and this order have no effect on defendant Philadelphia Media Holdings, LLC d/b/a The Philadelphia Daily News' right to proceed against additional defendant Timothy Keeley a/k/a Timothy Keeley, Sr. at the time of trial.

*See also*, hearing transcript of July 30, 2013.