J.A21006/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIC R. LINDE, DERIVATIVELY ON BEHALF OF LINDE ENTERPRISES, INC. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| SCOTT F. LINDE, BARBARA B. LINDE, LACKAWANNA LAND & ENERGY, INC., TOTAL LANDSCAPING, INC., LINDE INTERNATIONAL, INC., CONSOLIDATED POCONO UTILITIES, INC., FOREST CITY PARTNERSHIP, ALLEN SORCHEK, JOHN PIEPOLI, JOHN BOLD AND LINDE ENTERPRISES, INC. | : : : : : : : : : | |
| APPEAL OF: BARBARA LINDE | : | |
| | : | No. 2204 EDA 2014 |

Appeal from the Order Entered June 9, 2014
In the Court of Common Pleas of Wayne County
Civil Division No(s).: 27-1999-Equity

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:              **FILED AUGUST 21, 2015**

Appellant, Barbara B. Linde ("Barbara"), appeals from the order entered in the Wayne County Court of Common Pleas granting the joint praecipe for discontinuance with prejudice filed by Appellees, Eric R. Linde ("Eric"), derivatively on behalf of Linde Enterprises, Inc., Scott F. Linde ("Scott"), Lackawanna Land & Energy, Inc., Linde International, Inc.,

---

[*] Former Justice specially assigned to the Superior Court.

Consolidated Pocono Utilities, Inc., and Forest City Partnership.[1]  For the following reasons, we quash as at least one outstanding counterclaim remains.

The facts underlying this derivative shareholder lawsuit are not pertinent to our disposition.[2]  On July 29, 1999, Eric filed a complaint in equity raising two claims.  The first claim was for a derivative claim for breach of fiduciary duty against Scott and Barbara.  Compl., 7/29/99, at 12.  The second claim was against all of the above-captioned defendants, which include Total Landscaping, Allen Sorchek ("Sorcheck"), John Piepoli ("Piepoli"), John Bold ("Bold"), and Linde Enterprises, for unjust enrichment.  *Id.* at 16.  On December 13, 1999, Scott, Barbara, and Linde Enterprises filed a counterclaim[3] against Eric.

On November 3, 2011, Eric filed an amended complaint against only the following defendants: Scott, Linde Enterprises, Barbara, Lackawanna Land & Energy, Linde International, Consolidated Pocono Utilities, and Forest City Partnership.  Amended Compl., 11/3/11.  The amended complaint

---

[1] We discuss the remaining parties below.

[2] This case is over fifteen years old.  Presumably because of the age of the case, many of the older pleadings in the certified record consist of only the first page, each of which was stamped "scanned" or "microfilmed."

[3] The counterclaim did not specifically delineate its claims but appears to raise intentional interference with existing and prospective contractual relationships, breach of fiduciary duty, and unjust enrichment.  Answer, New Matter, and Countercl., 12/13/99, at 13-14.

raised claims identical to the claims in the original complaint, except the second claim in the amended complaint did not identify Total Landscaping, Sorchek, Piepoli, and Bold as defendants. Thus, Linde Enterprises is one of the named defendants on Eric's second claim for unjust enrichment. On September 12, 2012, Scott, Linde Enterprises, and Barbara filed a counterclaim that essentially reiterated their earlier December 13, 1999 counterclaim. Answer, New Matter, and Countercl., 9/12/12, at 34-38.

On January 17, 2013, John F. McGovern, Jr., Esq., entered his appearance for Linde Enterprises. A dispute arose regarding whether Attorney McGovern actually represented Linde Enterprises. Eventually, Linde Enterprises' prior counsel withdrew his appearance. The matter was scheduled for trial, and Linde Enterprises filed its pretrial statement on January 16, 2014. The court, however, continued the trial to a future date. On May 16, 2014, the court ordered counsel to file updated pretrial statements but did not serve the order on Attorney McGovern. On May 22, 2014, the court scheduled trial for June 9, 2014.

On June 9, 2014, Eric's counsel filed a praecipe to discontinue the action and counterclaim with prejudice. Praecipe for Discontinuance With Prejudice, 6/9/14. Counsel for Eric, Scott, Consolidated Pocono Utilities, Lackawanna Land & Energy, Linde International, and Forest City Partnership signed the praecipe. Attorney McGovern, representing Linde Enterprises, did not sign the praecipe.

Also on June 9, 2014, the court entered the following order:

> AND NOW, this 9th day of June 2014, it is the order of this court that Eric Linde's motion to discontinue the matter with prejudice as to all defendants is granted.
>
> Scott Linde's motion to discontinue with prejudice the counterclaim against Eric Linde is granted.
>
> Further, upon motion of Charles Shaffer, Esquire, compulsory non-suit is granted as to Barbara Linde's counterclaim against Eric Linde.

Order, 6/12/14.[4]   Attorney McGovern was not on the service list of this order, which did not discontinue the outstanding counterclaim of Linde Enterprises.  **See** Answer, New Matter, and Countercl., 9/12/12, at 34-38.

On July 8, 2014, Barbara timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.  Barbara raises the following issue:

> Did the trial court commit an error of law or abuse its discretion by failing to hold a hearing to determine whether the settlement was fair, adequate and reasonable, before granting Appellee Eric Linde's motion to discontinue the derivative action?

Barbara's Brief at 2.

As a prefatory matter, we ascertain whether we have jurisdiction to entertain this appeal because of Linde Enterprises' outstanding counterclaim. Pennsylvania Rule of Appellate Procedure 341 defines a final order for purposes of appeal:

---

[4] The order, although dated June 9, 2014, was docketed on June 12, 2014.

> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties . . . .
>
> \* \* \*
>
> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(a)-(c). "The key inquiry in any determination of finality is whether there is an outstanding claim." **Levitt v. Patrick**, 976 A.2d 581, 588 (Pa. Super. 2009) (citing Pa.R.A.P. 341).

In this case, Linde Enterprises has an outstanding counterclaim against Eric. Attorney McGovern, as counsel for Linde Enterprises, did not sign the praecipe to discontinue. Because of this outstanding counterclaim, the June 12, 2014 order discontinuing Eric's claim and the counterclaims of Scott and Barbara is not a final order for purposes of appeal. **See** Pa.R.A.P. 341(b)-(c). The trial court did not indicate "that an immediate appeal would facilitate resolution of the entire case." **See** Pa.R.A.P. 341(c). Accordingly, we quash because the appeal is interlocutory. **Cf. Druot v. Coulter**, 946 A.2d 708, 710 (Pa. Super. 2008) (*per curiam*) (quashing appeal from order

granting summary judgment adverse to all claims raised by plaintiffs but leaving unresolved defendants' counterclaims).

Appellant's Application for Post-Submission Communication granted. Appeal quashed.

Judge Allen joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015