J-S80032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON MICHELLE PAIGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCISCO PAPALEO | : | No. 3952 EDA 2017 |

Appeal from the Order September 19, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 1606-01065

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 10, 2019**

Appellant Sharon Michelle Paige appeals from the order denying her motion to remove compulsory nonsuit. Appellant claims that the trial court erred in concluding that she lacked standing to contest the conveyance of real property to Appellee Francisco Papaleo. Appellant also asserts that she presented adequate evidence during her case-in-chief to survive Appellee's motion for compulsory nonsuit. For the reasons that follow, we quash.

The litigation in this case involved real property located at 2227 South 13th Street in Philadelphia (the property). According to Appellant's complaint,[1] Marvin Samuels (the decedent) was the sole owner of the property

_____

[1] Appellant commenced the instant action against Appellee by writ of summons on June 13, 2016. Appellant filed a complaint on September 1, 2016. We note that Appellee alleged that Appellant's legal name was "Alfred W. Ricco." Appellee's Answer to Compl. & New Matter, 2/4/17, at ¶ 1.

before March 2010. On March 29, 2010, Appellee and a third party, Adam Wood, forced the decedent to execute a deed conveying the property to the decedent and Appellee as joint tenants with the right of survivorship. The decedent died on May 7, 2014. Appellant was a named beneficiary in the decedent's will.

Appellant attached to her complaint (1) a copy of one page of the decedent's will, which indicated that Appellant was the executrix and sole beneficiary of the decedent's estate, (2) a citation to Appellee issued by the register of wills,[2] and (3) a copy of a quitclaim deed, dated March 29, 2010, which named the decedent and Appellee as joint tenants with the right of survivorship. In sum, Appellant claimed that Appellee executed the March 29, 2010 deed under duress and requested that the trial court cancel the conveyance to Appellee.

Appellee filed an answer, new matter, and a counterclaim alleging, in part, that Appellant's action was frivolous and that she commenced the litigation without personal knowledge or probable cause and "with an ulterior motive." Appellee's Answer to Compl. & New Matter, 2/4/17, at ¶¶ 66-68. Appellee sought $75,000 in pecuniary losses and emotional distress, as well as attorney's fees and punitive damages. Appellant filed a reply and answer.

---

[2] As discussed below, there was a collateral proceeding in the orphans' court division regarding the decedent's estate and whether the property was part of the estate.

Appellee subsequently filed a motion for judgment on the pleadings and then a motion for summary judgment, both of which the trial court denied.[3]

The case proceeded to a nonjury trial held on September 18, 2017. At the beginning of trial and during opening statements, the court and the parties discussed Appellant's interest in the property, as well as the orphans' court proceedings. N.T., 9/18/17, at 4-5, 11-13. Appellee's counsel did not discuss Appellee's counterclaim during her opening statement.

_____

[3] In his motion for summary judgment, Appellee asserted that "[Appellant] believes that she has an interest in the property because she is an heir however the Orphans' Division of this Court determined that the Property is not a part of the Estate." Appellee's Mot. for Summ. J., 6/7/17, at ¶ 7 (some capitalization omitted). Appellee attached a copy of a March 6, 2017 decree of the orphans' court division. *Id.* at Ex. 2. The decree stated:

> The petition [for citation] alleges that the decedent, under duress, transferred title to the decedent's home from the decedent to [Appellee] and the decedent as joint tenants with right of survivorship. Even if that transfer was in fact made under duress that merely makes the transaction voidable no[t] automatically void. [Appellant] does not allege that the decedent had the transaction voided during his lifetime. Therefore, when the decedent died, [Appellee] became the sole owner of the decedent's former home and the property was thus never part of the Estate. The civil division is the appropriate forum to resolve the question of whether the transaction in question should be voided due to duress. *See In re Keyser's Estate*, . . . 198 A. 125, 127-28 (Pa. 1938) (holding that if "the property in dispute was not in decedent's possession at the time of his death, and did not thereafter come into the hands of his personal representative, the orphans' court is without power to determine title or ownership disputed by a third party claiming the property as his own").

*Id.* (some citations and capitalizations omitted).

- 3 -

During her case-in-chief, Appellant presented her testimony and testimony from Michael DeFilippo. DeFilipo's testimony, in sum, suggested that several months after the decedent signed the deed, both DeFilippo and the decedent were fearful that Appellee and Adam Wood would harm the decedent.

Appellant testified that the week before the decedent signed the March 29, 2010 deed, the decedent, Appellee, and Wood[4] were living at the property. According to Appellant,

> there were constant arguments. [Appellee] was constantly screaming at [the decedent]. He was constantly calling [the decedent] names. He was constantly screaming at [the decedent] to sign . . . [s]ign the effing deed.

*Id.* at 37-38.

When Appellant's counsel asked Appellant to describe the events of March 27, 2010, Appellant testified that she heard Appellee screaming at the decedent to sign the deed and threatening to "run [the decedent] through with" a sword that was upstairs. *Id.* at 39. Appellant testified that when Appellee saw her, Appellee threated to "run [her] through with a sword" as well. *Id.* at 39-40. Appellant stated that she saw Wood standing off to the side "smacking his fist in his hand" and telling the decedent to sign the deed. *Id.* at 40.

---

[4] Appellant described Appellee and Wood as "boyfriends." N.T. at 36.

Appellant testified that the following day, March 28, 2010, she asked the decedent whether he would sign the deed. According to Appellant, the decedent responded, "What else am I going to do? . . . I have to live here." *Id.* at 41. As indicated above, the decedent signed the deed the next day.

Appellant rested her case after presenting the above-summarized testimony, and Appellee moved for compulsory nonsuit. The trial court determined that Appellant failed to establish an interest in the property or her claim of duress. *Id.* at 76, 79-80, 83. Immediately after the court stated it would grant the motion for nonsuit, Appellant sought to reopen her case to admit a copy of the decedent's will, which named her as executrix and sole beneficiary of the decedent's estate. *Id.* at 80-81. The court denied Appellant's motion, but accepted copies of the will and letters testamentary "for record completion purposes only."[5] *Id.* at 87. The court emphasized that it would not consider the documents. *Id.* The court announced that the motion was granted and declared "[j]udgment in favor of [Appellee]. *Id.* Appellee's counsel did not seek leave to pursue Appellee's counterclaim.

On September 20, 2017, the trial court entered the order granting Appellee's motion for compulsory nonsuit. On October 3, 2017, Appellant filed a post-trial motion to remove the nonsuit. Appellant asserted that the court erred because "[t]wo witnesses testified in considerable detail about a climate of fear in the house where the decedent and [Appellee] lived, and that

_____

[5] The trial exhibits were not included in the certified record.

- 5 -

[Appellee] together with a confederate threatened [the decedent.]" Post-Trial Mot., 10/3/17, at ¶ 2. Appellant relied on ***Teats v. Anderson***, 58 A.2d 31 (Pa. 1946), to claim that she presented sufficient evidence of duress. ***See id.*** at ¶ 3; Br. in Support of Post-Trial Mot., 10/3/17, at 3. However, Appellant did not address the trial court's determination that she failed to present evidence establishing her interest in the property. ***See*** Br. In Support of Post-Trial Mot. at 1-2. The trial court denied the motion by an order entered on October 19, 2017.[6]

Appellant filed a notice of appeal on November 17, 2017. The trial court ordered Appellant to file and serve a Pa.R.A.P. 1925(b) statement. Appellant complied and filed a Rule 1925(b) statement asserting that she presented adequate evidence of duress. ***See*** Appellant's Concise Statement of Errors Complained of on Appeal, 12/18/17, at 1-2. The trial court issued a responsive opinion suggesting we affirm its rulings.

_____

[6] Because the order entering compulsory nonsuit was entered on September 20, 2017, the ten-day period for filing post-trial motions ended on October 2, 2017. ***See*** Pa.R.C.P. 227.1(c)(2); ***see also*** 1 Pa.C.S. § 1908. Therefore, Appellant filed her motion one day late. Appellee filed a response objecting to the timeliness of Appellant's post-trial motion, but the trial court denied the motion on its merits.

Although the record contains no explanation for Appellant's one-day delay in filing of a timely post-trial motion, the appropriate time for taking an appeal under Rule 227.1 does not require the timely filing of a post-trial motion. ***Compare*** Pa.R.C.P. 227.1, ***with*** Pa.R.Crim.P. 720. Here, trial court accepted Appellant's facially untimely post-trial motion and denied the motion on its merits. Because Appellee has not renewed his objection to the timeliness of Appellant's motion or this appeal, we decline to quash or find waiver based on the procedural anomaly.

Appellant presents the following questions for review

[1.] Whether the evidence was sufficient to support a verdict for [Appellant], holding that [Appellee] obtained a deed by duress?

[2.] Did the trial court improperly reject admissible evidence?

Appellant's Brief at 4.

Before addressing Appellant's claims, we must consider whether this appeal is properly before this Court. *See **Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa. Super. 2009) (noting that the appealability of an order implicates this Court's jurisdiction and may be considered *sua sponte*). This Court has stated that "[w]here a court has entered a judgment of compulsory nonsuit, the appeal lies not from the entry of the judgment itself, but rather from the court's refusal to remove it." ***Baird v. Smiley***, 169 A.3d 120, 122 n.1 (Pa. Super. 2017) (citation and quotation marks omitted). However, this Court has clarified that "in a case where nonsuit was entered, the appeal properly lies from the judgment entered after denial of a motion to remove nonsuit." ***Billig v. Skvarla***, 853 A.2d 1042, 1048 (Pa. Super. 2004).

Furthermore, it is well settled that an appeal lies from the entry of a final order, which is defined, in relevant part, as "any order that . . . disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). An order that does not address an outstanding counterclaim is not a final order unless there is an express determination that an immediate appeal would facilitate the resolution of a case. *See **Druot v. Coulter***, 946 A.2d 708, 709-10 (Pa. Super. 2008) (*per curiam*).

As to counterclaims, the Pennsylvania Rules of Civil Procedure state:

(a) A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counterclaim theretofore filed.

(b) A counterclaim may not be terminated, in whole or in part, by the defendant, except by discontinuance or voluntary nonsuit, and subject to conditions similar to those applicable to the plaintiff.

Pa.R.C.P. 232.

Instantly, although the trial court entered the order denying Appellant's motion to remove the compulsory nonsuit, a formal judgment was not entered on the record. *See Billig*, 853 A.2d at 1048. While Appellee failed to pursue his counterclaim at trial, the record contains no indication that Appellee discontinued or entered a voluntary nonsuit of his counterclaim. *See* Pa.R.C.P. 232. Therefore, the absence of a final judgment disposing of all claims and of all parties precludes this Court from considering the merits of this appeal. *See* Pa.R.A.P. 341(b)(1); *Billig*, 853 A.2d at 1048. Accordingly, we are constrained to quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/19

- 8 -