J-S03018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TMC DEVELOPMENT, INC., A PENNSYLVANIA BUSINESS CORPORATION, AS GENERAL PARTNER OF AND TRADING AS TMC PARTNERS, L.P., A PENNSYLVANIA LIMITED PARTNERSHIP AND DAVID F. BAKER, III, EX REL. TMC DEVELOPMENT, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 277 WDA 2020 |
| v. | |
| AMERICAN BRIDGE COMPANY, A DELAWARE CORPORATION; RICHARD J. SWARTZ AND TERRI BLUMLING, TRUSTEES OF THE SWARTZ FAMILY TRUST | |
| v. | |
| LIBERTY STATE CREDIT, INC. | |
| v. | |
| TMC PARTNERS, L.P., ET AL. | |
| APPEAL OF: TMC DEVELOPEMENT, INC. AND DAVID F. BAKER, III, EX REL. TMC DEVELOPMENT, INC. | |

Appeal from the Order Entered February 13, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 08-000324, GD 12-013946

J-S03018-21

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED:  April 1, 2021**

TMC Development, Inc. and David F. Baker, III, *ex. Rel.* TMC Development, Inc. (Appellants) appeal from the order granting the motion of American Bridge Company (American Bridge) for summary judgment.  Upon review, we quash this appeal as interlocutory.

The trial court detailed the underlying facts and procedural history as follows:

> The instant matter involves several commingled entities and the consolidation of two cases.  In the spring of 2004, the Swartz Family Trust (hereinafter the "Trust"), as lessor, entered into a ten-year lease agreement with the American Bridge Company ("American Bridge"), as lessee, for a 5.5 acre parcel of land owned by the Trust in Coraopolis, Pennsylvania ("Coraopolis property"). The lease agreement (the "Lease"), which terminated on June 14, 2014, required American Bridge to tender monthly rent payments in the amount of $7,150.00 to the Trust.
>
> On May 12, 2005, Richard J. Swartz and Terri Blumling, trustees of the Swartz Family Trust, conveyed[a] the Coraopolis property to TMC Partners, LP (the "Partnership") by General Warranty Deed. . . . The Partnership is, at the minimum, comprised of TMC Development Inc. ("TMC"), a corporation formed and existing pursuant to the laws of the Commonwealth of Pennsylvania, Richard J. Swartz, and David F. Baker III.  David F. Baker III has two capacities in this matter—partner of TMC, Partners L.P., and Trustee of the Swartz Family Trust.[b]  Richard J. Swartz is also a shareholder of TMC, along with his accountant, one Richard J. Connell.
>
> > [a] The parties are in disagreement as to the extent of this conveyance.  Trustees, Richard J. Swartz and Terri Blumling, assert this was a temporary

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

conveyance for the limited purpose of giving the Partnership collateral to obtain financing. TMC alleges this was a permanent conveyance.

[b] Plaintiffs have asserted that David F. Baker III is also President of the Partnership. This, however, is debated by Defendants. The parties also disagree as to Mr. Baker's ownership stake in the Partnership. It has furthermore been alleged by Liberty State, at oral argument before this Court on February 13, 2020, that Richard J. Swartz is the Vice President and Secretary to the Partnership. The exact composition of the entities and their management structure is murky and has been consistently debated factually by all parties.

Despite the execution of the above-described conveyance, American Bridge was never formally notified of any transfer of the Coraopolis property. Moreover, American Bridge never received a written request for amendment from the Partnership, as required by the terms of the Lease. Nonetheless, whether by the terms of the Lease, or by court order, American Bridge consistently proffered timely rental payments for the entire life of the Lease. American Bridge, lacking actual knowledge of the conveyance and abiding by the terms of the Lease, did not pay rent proceeds to the Partnership.

On October 18, 2006, following the Trust's conveyance of the Coraopolis property, the Partnership secured a loan from Liberty State Mutual ("Liberty State") in the principal amount of $342,000.00. This loan was secured by a promissory note and mortgages on the Coraopolis property. The Partnership was represented at the closing by David F. Baker III, whom, in addition to executing the promissory note as the "General Partner," also executed a surety agreement in which he personally guaranteed the obligation to Liberty State. The Partnership ultimately defaulted on its loan payments, and Liberty State subsequently filed suit.

* * *

Liberty State filed a Complaint against the Partnership in 2008 at GD-08-000324. Liberty State sought an *in personam* judgment against David F. Baker III and the Partnership in the amount of

$403,179.00. Liberty State also sought to impose a constructive trust or an equitable lien against the mortgaged Coraopolis property.[c]

> [c]The Partnership, while acknowledging that David F. Baker III authorized the mortgage and promissory note at issue, nonetheless denies that the Partnership, in and of itself, ever executed any writings in favor of Liberty State on the Coraopolis property. The Partnership argues that David F. Baker III lacked any authority to sign on behalf of the Partnership and, therefore, Liberty State is barred from recouping unpaid monies from the Partnership.

Additional litigation was subsequently filed with this Court in January 2013, at GD 12-013946—seven years after the transfer of the Coraopolis property to TMC. TMC brought the action, as both a general and trading partner, in conjunction with the Partnership and David F. Baker III, *ex rel*. TMC commenced the action, alleging that American Bridge, as the lessee of the property, improperly paid rent to the Trust instead of TMC. The Complaint plead five counts against American Bridge: [I] declaratory judgment; [II] *quantum valebat*; [III] action for *mesne* profits; [IV] in equity; and [V] in contract. The Complaint also plead several counts against Trustees, Richard J. Swartz and Terri Blumling: [I] in tort (conversion and conspiracy to convert); [II] interference with presently existing contractual obligations; [III] in contract (unjust enrichment); [IV] accounting at law; and [V] accounting in equity. On August 14, 2015, the Honorable Christine A. Ward entered an Order consolidating the cases at GD-12-013946 and GD-08-000324.

On March 28, 2017, the Department of Court Records issued a Rule to Show Cause why Barbara Fleisher and Michael Ginn should not be substituted as Plaintiffs in the action at GD-08-000324. James R. Mail, Esq., accepted service of the Rule to Show cause on May 17, 2017, for Barbara Fleisher and Michael Ginn. On November 3, 2017, American Bridge filed a Motion for Summary Judgment, moving this Court to enter an Order in its favor. Thereafter, on November 29, 2017, the Partnership filed a Motion for Summary Judgment as to the claims of Barbara Fleisher and Michael Ginn. This Court heard oral argument on the Motions for Summary Judgment on February 13, 2020.

Following oral argument by the parties, this Court granted American Bridge's Motion for Summary Judgment, and denied the Partnership's Motion for Summary Judgment as to the claims of Barbara Fleisher and Michael Ginn. All claims against American Bridge were dismissed. On February 24, 2020, David F. Baker III, by his attorney, Albert J. Zangrilli, Esq., subsequently filed a Notice of Appeal to [the Superior] Court. On March 6, 2020, David F. Baker III filed a Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. § 1925(b), on behalf of "All Plaintiffs."

On February 13, 2020, this Honorable Court additionally entered a second order, in which the trial dates for these consolidated actions were set for April 15 and April 16, 2020. To this, David F. Baker III filed a Motion to Vacate, again on behalf of "All Plaintiffs," in which he argues that the Superior Court of Pennsylvania has exclusive jurisdiction over the matter. On March 9, 2020, in response to the Appeal and Motion to Vacate, the Partnership filed an Answer and New Matter in which they argue that David F. Baker III lacks authority to act on behalf of the Partnership and TMC.[d] [On July 1, 2020, the trial court filed an opinion requesting this Court quash the appeal as interlocutory.]

> [d] The Partnership contends that David F. Baker III was removed from his position as an officer of TMC on August 21, 2008, by a resolution of the corporation's Board of Directors.

Trial Court Opinion, 7/1/20, at 1-5, 7 (some footnotes omitted).

On March 9, 2020, this Court issued a rule upon Appellants to show cause why the appeal should not be quashed; we stated, *inter alia*:

Appellant has filed this appeal from an order granting summary judgment as to one, but not all, defendants. Moreover, a trial has been scheduled for April 2020. Therefore, it appears that the order is interlocutory and not appealable. ***See Druot v. Coulter***, 946 A.2d 708 (Pa. Super 2008) (Where multiple defendants in a single action were removed from the case in a piecemeal fashion each separate judgment becomes appealable when the suit is resolved against the final defendant).

Additionally, this appeal appears to have been filed from two different lower court docket numbers. Under ***Commonwealth v.***

> *Walker*, 185 A.3d 969, 977 (Pa. 2018), Rule 341(a), in accordance with its Official Note, requires that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

Order, 5/9/20.

Appellants filed a response, emphasizing that the trial court consolidated the two underlying actions, and the parties in the two actions are different. Response, 3/15/20, at unnumbered 1-2. Appellants asserted that where the trial court has consolidated cases and summary judgment has been entered against one party, they have "the right to an immediate appeal." *Id.* at unnumbered 2, *citing* *Malanchuk v. Tsimura*, 137 A.3d 1283 (Pa. 2016). Appellants further claimed *Walker* "was not apposite or controlling." *Id.* at unnumbered 3. Then, returning to *Malanchuk*, Appellants referenced the Federal Rules of Civil Procedure and federal case law, stating that "the United States Supreme Court supports the reasoning of *Malanchuk*." *Id.* at 4.

Having received Appellants' response, this Court entered an order discharging the rule to show cause, but stating:

> This ruling, however, is not binding upon this Court as a final determination as to the propriety of the appeal. The parties are advised that the issue may be revisited by the panel to be assigned to the case, and the parties should be prepared to address, in their briefs or at the time of oral argument, any concerns the panel may have concerning this issue.

Order, 3/17/20.

In its brief, American Bridge argues the trial court's order was not final and this appeal should be quashed. American Bridge's Brief at 9-12.

Conversely, Appellants argue that the court's order was final and appealable, and repeat the argument from their response to this Court's rule to show cause. Appellants' Brief at 35-42.

"Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003). *See also* Pa.R.C.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and of all parties, or is entered as a final order pursuant to [Pa.R.C.P. 341(c) ]."). "'The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.' If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable." *West v. West*, 446 A.2d 1342 (Pa. Super. 1982) (citations omitted). "It is beyond cavil in this jurisdiction that an order dismissing some, but not all, counts of a multi-count complaint is generally interlocutory and not immediately appealable." *Bell v. State Farm Mut. Auto. Ins. Co.*, 634 A.2d 1137, 1138 (Pa. Super. 1993). *See also Druot*, 946 A.2d at 710 (order that dismissed all counts of original complaint but not seven counterclaims was not final).

The Pennsylvania Supreme Court carved out an exception in *Malanchuk v. Tsimura*, 137 A.3d 1283 (Pa. 2016). The Court addressed the issue of "whether an order awarding summary judgment in one of two civil cases consolidated for purposes of discovery and trial was immediately

appealable as of right." **Malanchuk**, 137 A.3d at 1284. The Court held that where cases are consolidated at the trial level, and the court subsequently grants summary judgment in one of the actions, the order **may** be immediately appealable. **Id.** at 1284. The Supreme Court explained that "complete consolidation between actions involving non-identical parties, subject matter, issues and defenses, is simply untenable." **Id.** at 1286. Thus, "whether a separate-judgment rule pertains hinges upon whether . . . consolidated actions merge, thereby erasing the separate identities of the actions." **Id.** Merger only occurs when there is "complete identity of parties and claims. . . ." **Id.** at 1288.

Here, there is not complete identity of parties and claims with Case GD-12-013946 (the case arising from the lease), and Case GD-08-00324 (the case arising from the loan). Thus, merger of the consolidated cases did not occur. **Id.** at 1288. However, that does not end our inquiry.

Under **Malanchuk**, we must examine the order granting partial summary judgment and determine whether it was a final in case GD-12-013946. Pennsylvania Rule of Appellate Procedure 341 provides in pertinent part:

> **(c) Determination of finality.**--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and **parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.** Such an order becomes appealable when entered. In the

- 8 -

absence of such a determination and entry of a final order, **any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.**

Pa.R.A.P. 341(c) (emphases added).

In Case GD-12-013946, there were three defendants: American Bridge, Richard J. Swartz, and Terri Blumling. Complaint, 1/25/13, at 3. The trial court's February 13, 2020 order only dismissed the claims against American Bridge, not the remaining two defendants, Swartz and Blumling. Moreover, the trial court did not certify the order as appealable; to the contrary, it requests we quash this appeal as interlocutory. Trial Court Opinion, 7/1/20, at 7. Thus, even under **Malanchuk**, the order in case GD-12-013946 is not a final, appealable order because claims remain outstanding against two of the three defendants. **See Adams v. Erie Insurance Co.**, 238 A.3d 428, 432-33 (Pa. Super. 2020) (holding insured's separate actions against insurer and putative insurer did not merge under **Malanchuk**, but quashing appeal where no final appealable order existed in either action); **see also** Pa.R.A.P. 341(c); **Druot**, 946 A.2d at 710; **Bell**, 634 A.2d at 1138. Accordingly, we quash this appeal as interlocutory.[1]

Appeal quashed.

---

[1] We therefore decline to address whether Appellants have complied with **Walker**, **supra**.

- 9 -

Judge Dubow joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2021