# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Unity Aero of Delaware, LLC, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 756 C.D. 2023 |
| | : | |
| Westmoreland County | : | |
| Airport Authority | : | Submitted: May 23, 2024 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                        FILED: June 14, 2024

Unity Aero of Delaware, LLC (Unity) has filed a notice of appeal from an order entered in the Court of Common Pleas of Westmoreland County (trial court) on April 17, 2023, granting the Westmoreland County Airport Authority's (Authority) Motion for Summary Judgment. For the reasons that follow, we quash Unity's appeal.

On July 9, 2020, Unity filed a negligence action against the Authority. The lawsuit involves an oral lease between the parties whereby Unity rented a port-a-hanger from the Authority to store an airplane. The port-a-hanger was destroyed during a storm and the airplane was damaged. Unity alleged that the port-a-hanger failed because the Authority negligently failed to inspect it, that the Authority failed to warn Unity that it would fail in a storm and should not be used, and that the Authority failed to maintain the port-a-hanger in a manner that it would be habitable

for the purpose of storing an airplane. Reproduced Record (R.R.) at 353a (Trial Court Pa.R.A.P. 1925(a) opinion, 6/21/2023, at 1).[1]

The Authority filed an Answer and New Matter. R.R. at 16a-29a. Thereafter, pursuant to a stipulation of the parties, the Authority filed an Amended Answer, New Matter and Counterclaims. *Id.* at 96a, 97a-135a. In the Counterclaims, the Authority brings, *inter alia*, a breach of contract claim against Unity and seeks $6,524.00 in outstanding rent. *Id.* at 103a-04a (Amended Answer, New Matter and Counterclaims ¶¶ 16-21).

On December 19, 2022, the Authority filed a Motion for Summary Judgment (Motion), asserting that Unity failed to establish that the Authority had a duty to maintain the port-a-hangar in good repair because the lease at issue did not include such a responsibility. R.R. 146a-154a (Motion for Summary Judgment). Further, the Motion averred that under settled law, where a landlord neither contracts to assume any maintenance duty nor is prescribed that duty by statute, the duty does not exist. *Id.* at 147a-48a (Motion for Summary Judgment ¶ 1). Unity responded to the Motion and, in an order entered on April 17, 2023, the trial court granted the Motion. *Id.* at 311a-12a.

Unity filed a notice of appeal to the Superior Court. R.R. 336a-42a. By order dated June 9, 2023, the Superior Court transferred the action to this Court. R.R. at 352a.

At the outset, we will address whether this action is ripe for review. Citing Pennsylvania Rule of Appellate Procedure 341 (Rule 341), the Authority argues that this Court lacks jurisdiction to hear Unity's appeal because the trial

---

[1] The trial court's Pa.R.A.P. 1925(a) opinion is found at pages 353a-59a of the Reproduced Record.

2

court's April 17, 2023 order is not a "final order."  Under Rule 341(b), a final order is one that "disposes of all claims and all parties," "is entered as a final order" by a trial court pursuant to Pa.R.A.P. 341(c) (allowing a trial court to enter a final order as to one or more but fewer than all claims and parties upon an express determination that an immediate appeal would facilitate resolution of the entire case), or is defined as a final order pursuant to Pa.R.A.P. 341(f) (orders issued under the Post Conviction Relief Act[2]).  "The purpose of limiting appellate review to a final order is to prevent piecemeal determinations and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quotation omitted).

Here, the trial court's order of April 17, 2023 did not dispose of all claims because the Authority's counterclaims remain outstanding.  *See Druot v. Coulter*, 946 A.2d 708, 709 (Pa. Super. 2008) (order granting defendants' summary judgment as to all counts, but failing to dispose of defendants' counterclaims, was not a final order and, absent express determination of finality under Rule 341(c), could not be appealed).[3]  Furthermore, the trial court order did not enter the April 17, 2023 order as a final order pursuant to Rule 341(c).  Finally, the order did not fall within the scope of Pennsylvania Rule of Appellate Procedure 311 (interlocutory appeals as of right), Rule 312 (interlocutory appeals by permission), or Rule 313 (collateral orders). Pa.R.A.P. 311, 312, 313.

---

[2] 42 Pa. C.S. §§9541-9546.

[3] It is well settled that this Court may cite Superior Court cases for their persuasive value. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 653 n.20 (Pa. Cmwlth. 2021).

3

Accordingly, because the trial court's April 17, 2023 order is interlocutory and unappealable at this time, Unity's appeal must be quashed.[4]

_____
MATTHEW S. WOLF, Judge

---

[4] In light of this disposition, we will not address the merits of Unity's appeal and we dismiss as moot the Authority's "Application to Allocate the Cost of Reproduced Record to the Designating Party Pursuant to Rule 2155 of the Pennsylvania Rules of Appellate Procedure". *See* Pa.R.A.P. 2741(1) ("[I]f an appeal or other matter is dismissed, costs shall be taxed against the appellant . . . .").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Unity Aero of Delaware, LLC, : 
                    Appellant : 
                  : 
         v. :   No. 756 C.D. 2023
                  : 
Westmoreland County : 
Airport Authority : 

## **O R D E R**

AND NOW, this 14th day of June, 2024, upon consideration of the above-captioned action, because the April 17, 2023 order of the Court of Common Pleas of Westmoreland County is interlocutory and unappealable, Unity Aero of Delaware, LLC's appeal is QUASHED.

Based on this disposition, the Westmoreland County Airport Authority's "Application to Allocate the Cost of Reproduced Record to the Designating Party Pursuant to Rule 2155 of the Pennsylvania Rules of Appellate Procedure" is DISMISSED AS MOOT. *See* Pa.R.A.P. 2741(1).

_____
MATTHEW S. WOLF Judge