**Eugene SPUGLIO, Appellant**

v.

**Roseanna CUGINI, Individually and T/A Tavani's Restaurant, and Underwriters at Lloyd's London and Philadelphia Suburban Water Company, Appellees.**

Superior Court of Pennsylvania.

Filed Feb. 27, 2003.

Eugene Spuglio, appellant, pro se.

Sean V. Kemether, Media, for Philadelphia Suburban Water Company, appellee.

Susan J. Wiener, Glenside, for Cugini, appellee.

Before: HUDOCK, BOWES and BECK, JJ.

PER CURIAM.

¶ 1 This appeal has been taken from the orders of October 23, 2002(1) sustaining the preliminary objections of Appellees, Roseanna Cugini (Cugini) and Underwriters at Lloyd's London (Underwriters) to Appellant's first amended complaint and dismissing the complaint and any cross-claims filed against them with prejudice; and (2) granting the preliminary objections of Appellee, Philadelphia Suburban Water Company to Appellant's first amended complaint and striking with

prejudice all claims and references to Poorna Spuglio, Sharleen Spuglio and Krista Spuglio, and striking with prejudice all claims for bailment. Appellees, Cugini and Underwriters, have filed a motion to quash this appeal as interlocutory.

¶ 2 Generally, only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties. *American Independent Ins. Co. v. E.S. Ex. Rel. Crespo,* 809 A.2d 388 (Pa.Super.2002); *see* Pa.R.A.P. 341(b)(1) (a final order is any order that disposes of all claims and of all parties); *see also* Pa. R.A.P. 341 Note (partial list of orders previously interpreted as appealable as final orders under Rule 341 that are no longer appealable as of right, including an order dismissing one of several causes of action pleaded in a complaint but leaving pending other causes of action, and an order granting judgment against one defendant but leaving pending the complaint against other defendants).

¶ 3 The initial October 23rd order sustained the preliminary objections of Cugini and Underwriters and dismissed Appellant's first amended complaint as to them *only.* The second October 23rd order granted in part the preliminary objections of Philadelphia Suburban Water Company and dismissed Appellant's bailment claim, as well as claims he had asserted on behalf of three family members who were not parties to the underlying action. Appellant's action against Philadelphia Suburban Water Company is proceeding in the trial court "and in fact on November 19, 2002, the same date upon which [Appellant] filed the instant appeal, [Appellee] Philadelphia Suburban Water Company filed its answer to [Appellant's] First Amended Complaint." *Spuglio v. Cugini,* No. 02–4028 (C.P. Delaware Cnty. Dec. 12, 2002).

¶ 4 Therefore, notwithstanding Appellant's procedural misstep in filing a single notice of appeal from two orders, nei-ther of the October 23rd orders disposed of all claims or parties, and we hold, therefore, that orders granting preliminary objections and disposing of only some but not all of the underlying parties or claims are interlocutory and unappealable. *See Rush v. Philadelphia Newspapers, Inc.,* 732 A.2d 648 (Pa.Super.1999) (grant of summary judgment on defamation cause of action did not dispose of all claims or parties and was not appealable until after an order disposing of all claims had been issued); *Bell v. State Farm,* 430 Pa.Super. 435, 634 A.2d 1137 (1993) (quashing appeal from dismissal of one count of plaintiff's complaint).

¶ 5 Appellees' motion to quash this appeal as interlocutory is granted. Appeal quashed.