J-A26042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BEAVER RIVER RAILS TO TRAILS ASSOCIATION, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| GENEVA COLLEGE AND AES REALITY, LLC | : : | No. 427 WDA 2016 |

Appeal from the Order entered February 18, 2016
in the Court of Common Pleas of Beaver County,
Civil Division, No(s):  10112 of 2011

BEFORE:  BENDER, P.J.E., RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED DECEMBER 5, 2016**

Beaver River Rails to Trails Association ("BRRTA") appeals from the February 18, 2016 Order (hereinafter "the Dismissal Order") that sustained the Preliminary Objections to BRRTA's Complaint filed by AES Realty, LLC ("AES"), and dismissed BRRTA's claims against AES.[1]  We affirm.

In January 2011, BRRTA filed a Complaint against AES and Geneva, seeking declaratory relief against both parties concerning BRRTA's rights under a 2004 Lease Agreement between Geneva and BRRTA.  According to BRRTA, that Agreement granted it the right to construct a hiking and bicycle trail across a certain parcel of real property (hereinafter the "Property"),

---

[1] Notably to this appeal, the Dismissal Order did not address BRRTA's remaining claim against the other defendant named in the Complaint, Geneva College ("Geneva").  However, on March 22, 2016, the trial court entered an Order terminating BRRTA's case against Geneva due to inactivity. Geneva is not a party to the instant appeal.

which Geneva had conveyed to AES in 2008.[2] However, BRRTA never served AES or Geneva with the Complaint, and there was no activity on the case for over four years. In July 2014, and May 2015, BRRTA filed Praecipes to reinstate the Complaint.[3]

In July 2015, AES filed Preliminary Objections seeking the dismissal of BRRTA's Complaint. AES asserted that (1) the trial court lacked personal jurisdiction over AES due to BRRTA's substantial delay in serving AES with process; and (2) BRRTA was precluded from bringing the instant case based on a prior stipulation (hereinafter "the Stipulation"). BRRTA had previously entered into the Stipulation with AES in a separate lawsuit brought by AES against BRRTA in 2010, concerning the same Property at issue in this case.[4] On February 18, 2016, the trial court entered the Dismissal Order, sustaining AES's Preliminary Objections and dismissing BRRTA's claim against AES alone, with prejudice. In an accompanying Memorandum, the trial court stated that the action against AES must be dismissed because (1)

---

[2] In its sole count against AES, BRRTA sought a declaration that (1) AES acquired the Property subject to an oral addendum to the Lease Agreement between BRRTA and Geneva, which extended the time for BRRTA to complete its hiking/biking trail over the Property; and (2) BRRTA had a valid easement over a portion of the Property to construct the trail.

[3] BRRTA served AES with a copy of the reinstated Complaint on June 9, 2015. However, the record does not indicate that BRRTA served Geneva with the reinstated Complaint.

[4] In the Stipulation, the parties essentially agreed that construction of BRRTA's trail would take place only on land owned by Geneva, and not on AES property.

BRRTA made no good faith effort to timely serve AES with the Complaint (which was not served until after the expiration of the four-year statute of limitations), thus depriving the trial court of personal jurisdiction over AES; and (2) the Stipulation precluded BRRTA's instant action, as it concerned the same Property at issue in this case. **See** Trial Court Memorandum and Order, 2/18/16, at 4-9.

On March 15, 2016, BRRTA timely filed a Notice of Appeal from the Dismissal Order. In response, the trial court entered an Order on March 22, 2016 (hereinafter "the Rule 1925(b) Order"), directing BRRTA to file a concise statement of errors complained of on appeal within twenty-one days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). However, BRRTA did not file a concise statement within twenty-one days. On May 4, 2016, the trial court issued a Pa.R.A.P. 1925(a) Opinion, ruling that BRRTA had waived all of its issues on appeal for its failure to file a Rule 1925(b) concise statement.

On June 16, 2016, sixty-five days after the expiration of the time set forth in the Rule 1925(b) Order, BRRTA's counsel, Gregory Douglass, Esquire ("Attorney Douglass"), filed an Application for extension of time to file a concise statement, *nunc pro tunc* (hereinafter "the Application for Extension"). Therein, Attorney Douglass alleged that he never received a copy of the Rule 1925(b) Order, and first became aware of it when he received the trial court's Rule 1925(a) Opinion on May 5, 2016. By an Order

- 3 -

entered on June 16, 2016, the trial court granted the Application for Extension, and ordered Attorney Douglass to file the concise statement within one day of the Order. On June 16, 2016, Attorney Douglass filed his Concise Statement, *nunc pro tunc*.[5]

In the interim, on June 8, 2016, this Court issued a Rule to Show Cause upon BRRTA, requiring it to explain why its appeal from the Dismissal Order is not interlocutory and unappealable. This Court pointed out that the Dismissal Order disposed of only BRRTA's claims against AES, and the claims against Geneva remained pending. BRRTA filed a response letter, asserting that there were no pending claims against Geneva (and the Dismissal Order was thus final and appealable), since BRRTA had never served Geneva with the Complaint. On June 24, 2016, this Court issued an Order discharging the Rule to Show Cause, pending a review by this panel.

BRRTA now presents the following issues for our review:

A. Did the lower court commit an abuse of discretion by denying the application of the continuing contract doctrine on Preliminary Objections[,] without [conducting] a hearing?

B. Did the lower court commit an abuse of discretion by applying the doctrine of *res judicata*[,] without [conducting] a hearing?

C. Does the doctrine of *res judicata* even apply where there was no finality in the prior case?

Brief for Appellant at 2 (capitalization omitted).

---

[5] Thereafter, the trial court did not issue a new Rule 1925(a) opinion.

Initially, we must determine whether the Dismissal Order is interlocutory and non-appealable.[6] "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citation and brackets omitted). "An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." *Stahl v. Redcay*, 897 A.2d 478, 485 (Pa. Super. 2006) (citation omitted). In the instant case, the relevant inquiry is whether the Dismissal Order is a final order for purposes of Pa.R.A.P. 341. Rule 341 provides as follows:

> **(a) General rule.**-- Except as prescribed in subdivisions (d), and (e) of this rule[, which are not relevant to BRRTA's instant appeal], an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.**-- A final order is any order that:
>
> (1) **disposes** of all claims and **of all parties**; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to subdivision (c) of this rule.
>
> **(c) Determination of finality.**-- When more than one claim for relief is presented in an action, … the trial court … may enter a final order as to one or more but fewer than all of the claims and

---

[6] BRRTA does not address in its brief whether the Dismissal Order is a final or interlocutory order. Nor does the trial court in its Opinion.

- 5 -

parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order … that adjudicates fewer than all the claims and parties shall not constitute a final order. …

Pa.R.A.P. 341(a)-(c) (emphasis added).[7]

"[O]rders [sustaining] preliminary objections and disposing of only some but not all of the underlying parties or claims are interlocutory and unappealable." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003) (*per curiam*) (citation omitted); *see also* Pa.R.A.P. 341, Note (setting forth a partial list of orders previously interpreted as appealable as final orders under Rule 341 that are no longer appealable as of right, including an order granting judgment against one defendant but leaving pending the complaint against other defendants). However, when a subsequent order or judgment disposes of the claims as to the remaining party, the prior interlocutory order is rendered "final" and appealable for purposes of Rule 341. *See*, *e.g.*, *Strausser v. PRAMCO, III*, 944 A.2d 761, 764 (Pa. Super. 2008) (explaining that where multiple defendants in a single action, who were all original defendants, are removed from the case in a piecemeal fashion by separate orders sustaining those defendants' preliminary objections, each order sustaining preliminary objections becomes appealable, under Pa.R.A.P. 341(b)(1), when the suit is resolved against the final defendant); *B.K. ex*

---

[7] Here, BRRTA did not petition the trial court for a determination of finality under subsection 341(c).

***rel. S.K. v. Chambersburg Hosp.***, 834 A.2d 1178, 1181 (Pa. Super. 2003) (stating that in an action involving multiple defendants, an order granting summary judgment as to one party becomes appealable after the disposition of the plaintiffs' claims involving the remaining parties); ***Gutteridge v. A.P. Green Servs., Inc.***, 804 A.2d 643, 650 (Pa. Super. 2002) (stating that an order declaring the case settled as to all remaining parties renders final the prior orders granting summary judgment in favor of some defendants, even if the prior orders disposed of fewer than all claims against all parties).

Here, though the Dismissal Order was initially interlocutory because it did not dispose of BRRTA's remaining claim against Geneva, it became final and appealable when the trial court terminated BRRTA's case against Geneva (the sole remaining party), by its Order entered on March 22, 2016. ***See*** Pa.R.A.P. 341(b)(1); ***Strausser***, ***supra***; ***B.K.***, ***supra***; ***Gutteridge***, ***supra***. Accordingly, we conclude that the instant appeal is not interlocutory, albeit for a different reason than that advanced by BRRTA in its response to this Court's Rule to Show Cause.

Before reaching the merits of BRRTA's claims, however, we must address whether it has properly preserved those claims for our review, where it failed to timely file a Rule 1925(b) concise statement in response to the Rule 1925(b) Order. ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (ruling that the appellant waived all of his claims on appeal for untimely filing his court-ordered Rule 1925(b) statement) (citing

- 7 -

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (stating that "from this date forward … [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.")); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived.").

An *en banc* panel of this Court recently observed that

> [o]ur [Pennsylvania] Supreme Court intended the holding in ***Lord*** to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in *automatic waiver* of the issues raised." ***Commonwealth v. Schofield***, 585 Pa. 389, 888 A.2d 771, 774 (2005) (emphasis added); ***see also Castillo***, 888 A.2d at 780. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. Indeed, *our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)*: "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to ***Lord***, when … appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." ***Id.*** Succinctly put, *it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements*.

***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis added); ***see also id.*** (stating that "[p]reviously, we enjoyed discretion to review otherwise untimely Rule 1925(b) statements in the event that the trial court had chosen to ignore the underlying untimeliness. The ***Castillo*** Court's disapproval of this leniency was emphatic[.]"); ***Hess v. Fox Rothschild,***

***LLP***, 925 A.2d 798, 803 (Pa. Super. 2007) (stating that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant **must** comply in a timely manner." (emphasis in original)).

The ***Greater Erie*** Court further observed that "strict application of the bright-line rule in ***Lord*** necessitates strict interpretation of the rules regarding **notice** of Rule 1925(b) orders." ***Greater Erie***, 88 A.3d at 226 (emphasis in original) (quoting ***In re L.M.***, 923 A.2d 505, 509-10 (Pa. Super. 2007), wherein this Court held that a failure by the prothonotary to "give written notice of the entry of a court order and to note on the docket that notice was given" will prevent waiver for untimeliness pursuant to Pa.R.A.P. 1925(b)).[8]

Here, in the Application for Extension, Attorney Douglass asserted that although he had received two copies of the trial court's March 22, 2016 Order terminating BRRTA's case against Geneva (which was filed on the same date as the Rule 1925(b) Order), he did not become aware, or receive a copy of, the Rule 1925(b) Order until May 5, 2016, when he received the trial court's Rule 1925(a) Opinion. Attorney Douglass filed a separate Affidavit certifying same. Attorney Douglass urged that this defect

---

[8] Additionally, the ***Greater Erie*** Court stressed the importance of the technical requirements for orders directing the filing of a concise statement set forth in Rule 1925. *See **Greater Erie***, 88 A.3d at 225-26; ***see also*** Pa.R.A.P. 1925(b)(2), (3). In the instant case, the Rule 1925(b) Order properly complied with these technical requirements.

constituted an "extraordinary circumstance," under Pa.R.A.P. 1925(b)(2),[9] that warranted extension of the time to file a concise statement.

Our review discloses that the trial court's docket contains an entry dated March 23, 2016, which states that "a copy of the Order dated March 22nd 2016[, *i.e.*, the Rule 1925(b) Order,] was placed in attorney[']s mailbox for [Attorney] Douglass …." Additionally, on the reverse side of the Rule 1925(b) Order is a handwritten note, authored by the Deputy Prothonotary, which states that on March 23, 2016, "a Certified Copy of this Order was issued to [Attorney] Douglass by first class mail …." By the trial court's granting of the Application for Extension, it appears to have credited Attorney Douglass's assertion that he did not receive notice of the Rule 1925(b) Order until May 5, 2016.

Even assuming the accuracy of Attorney Douglass's assertion that there was a breakdown in the court's process, he was required to petition for *nunc pro tunc* relief within a reasonable period of time. **See** Pa.R.A.P. 1925(b)(2). The comment to Rule 1925(b)(2) elucidates this concept as follows:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. **See, e.g., In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election**, 577 Pa. 231, 248-49, 843 A.2d 1223, 1234 (2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for

---

[9] Rule 1925(b)(2) provides, in relevant part, that "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.").

holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.")[.] Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. **McKeown v. Bailey**, 731 A.2d 628, 630 (Pa. Super. 1999). *However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "**very short duration**" of time*. **Id.**; **Amicone v. Rok**, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay[, of approximately four months,] too long to justify *nunc pro tunc* relief).

Pa.R.A.P. 1925(b)(2), cmt (emphasis added); **see also Amicone**, 839 A.2d at 1113 (stating that the standard of review applicable to the grant or denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion).

Here, Attorney Douglass did not file the Application for Extension until *forty-three days*[10] after he admittedly received notice of the Rule 1925(b) Order. We conclude that this substantial delay is not a "very short duration" of time, and the trial court thus abused its discretion in affording BRRTA *nunc pro tunc* relief under Pa.R.A.P. 1925(b)(2). **See Amicone**, **supra**; **cf. Fischer v. UPMC Northwest**, 34 A.3d 115, 123 n.7 (Pa. Super. 2011) (distinguishing **Amicone** and ruling that the appellants had established their right to *nunc pro tunc* relief, where they "acted within a reasonable amount of time by filing their motion [for leave to appeal *nunc pro tunc*] within *five days* of receiving a copy of the order from the prothonotary." (emphasis added)). Moreover, the trial court made no finding as to the existence of

---

[10] This period of time is over double the amount of time in which the trial court originally gave BRRTA to file a concise statement in the Rule 1925(b) Order.

extraordinary circumstances that justified a *nunc pro tunc* submission, and granted BRRTA's Application for Extension without thereafter issuing a supplemental Pa.R.A.P. 1925(a) opinion.

Accordingly, Because BRRTA failed to comply with the trial court's Rule 1925(b) Order directing it to file a concise statement, and failed to establish that it was entitled to *nunc pro tunc* relief to file an amended concise statement, we are compelled to rule that it has waived the claims it now raises on appeal. **See Greater Erie Indus., supra**; **Amicone**, **supra**.[11]

Order affirmed.

Judge Ransom joins this memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

---

[11] Nevertheless, even if BRRTA had not waived its claims on appeal, we would have determined that they lack merit for the reasons set forth in the trial court's Memorandum issued in support of the Dismissal Order. **See** Trial Court Memorandum and Order, 2/18/16, at 3-9.

- 12 -