J-A14041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOUGLAS DALESSIO INDIVIDUALLY AND AS TRUSTEE OF THE DALESSIO FAMILY TRUST, DEVIN DALESSIO AND DYLAN DALESSIO, INDIVIDUALLY AND AS BENEFICIARIES OF THE DALESSIO FAMILY TRUST, | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| COMMUNITY FIRST BANK AND SAMUEL J. DALESSIO | : : | No. 1728 WDA 2018 |

Appeal from the Order Entered October 31, 2018
in the Court of Common Pleas of Indiana County
Civil Division at No(s): 10773 CD 2018

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 22, 2019**

Douglas Dalessio, individually and as Trustee of the Dalessio Family Trust ("the Trust"), Devin Dalessio and Dylan Dalessio, individually and as beneficiaries of the Dalessio Family Trust (collectively, "Plaintiffs"), appeal from the Order sustaining the Preliminary Objections filed by Community First Bank ("the Bank"), and dismissing the Complaint as to the Bank. We quash the appeal.

On May 7, 2018, Plaintiffs filed a four-count Complaint against the Bank and Samuel J. Dalessio ("Dalessio") alleging various causes of action. In particular, Plaintiffs alleged that Dalessio tendered checks to the Bank, which

the Bank honored, even though the checks were endorsed to the Trust, and not Dalessio. On May 25, 2018, the Bank filed Preliminary Objections to the Complaint, to which Plaintiffs filed a Response. On October 31, 2018, the trial court entered an Order that provided, in relevant part, as follows: "Defendant Community First Bank's Preliminary Objections are SUSTAINED, and Plaintiffs' Complaint is DISMISSED with respect to Community First Bank." Trial Court Order, 10/31/18 (emphasis in original). Thereafter, Plaintiffs filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before we may entertain the merits of Plaintiffs' underlying claim, we must first determine whether this Court has jurisdiction to consider the appeal. *See Commonwealth v. Davis*, 176 A.3d 869, 873 (Pa. Super. 2017) recognizing that this Court may raise the issue of jurisdiction *sua sponte*). Generally, "an appeal may be taken as of right from any final order of a ... trial court." Pa.R.A.P. 341(a). A "final order" is defined, in relevant part, as "any order that ... disposes of all claims *and of all parties*." Pa.R.A.P. 341(b) (emphasis added). "[O]rders [sustaining] preliminary objections and disposing of only some but not all of the underlying parties ... are interlocutory and unappealable." *Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003).

Here, the trial court's Order sustained the Bank's Preliminary Objections, and dismissed the Complaint "with respect to Community First Bank." Trial

Court Order, 10/31/18. Because the trial court did not dismiss the Complaint as to Dalessio, the trial court's Order is interlocutory and not appealable. **See Spuglio**, 818 A.2d at 1287. Consequently, we quash the appeal for lack of jurisdiction.

    Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/22/2019</u>