J-A22025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AIA AMERICAN INSURANCE ADMINISTRATORS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 371 MDA 2020 |
| JOSEPH G. BUYAKOWSKI | : | |

Appeal from the Order Entered February 3, 2020
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2019-09423

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 22, 2021**

Appellant, AIA American Insurance Administrators, LLC, appeals from the February 3, 2020 order sustaining the preliminary objections of Appellee, Joseph G. Buyakowski.  After careful review, we quash.

The trial court set forth the following facts:

On October 26, 2010, the parties entered into an agreement that (1) [Appellant] would purchase [Appellee's] business, Insurance & Surety, Inc.; and (2) that [Appellee] would begin employment with [Appellant].  To facilitate both the purchase of [Appellee's] business and establish the terms of his employment, the parties entered into an Asset Purchase Agreement ("Purchase Agreement") and an Employment Agreement.  The agreements were prepared by [Appellant] and signed by all necessary parties. [Appellee] began work for [Appellant] on October 26, 2010, the day the agreement was signed and left employment on March 8, 2019, approximately eight years and four months later.  He then began working for M&T Bank.

On September 17, 2019, [Appellant] filed [its] complaint, alleging four counts: Count I, Breach of Contract of the

Employment Agreement; Count II, Conversion of assets acquired 'mostly' through the Purchase Agreement; Count III, Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, namely client lists, client financial information and contact information, and Count IV, Injunctive Relief based on restrictive covenants of the Employment Agreement.

On October 22, 2019, [Appellee] filed Preliminary Objections averring: (1) Counts I, II, and III should be dismissed because [Appellant] failed to follow both an internal dispute resolution mechanism pursuant to the Employment Agreement and an arbitration mechanism pursuant to the Purchase Agreement; (2) Count I must be stricken because the restrictive covenant contained in the Employment Agreement no longer applies; and, (3) Count II must be stricken because [Appellant] did not demand the return of any items, an element essential to a conversion claim.

Trial Court Opinion, 2/3/20, at 1-2 (footnotes omitted).

On February 3, 2020, the trial court sustained Appellee's preliminary objections to Count I, breach of contract, and dismissed the count. The court also sustained Appellee's preliminary objections to Counts II and III and referred those counts to the arbitration process outlined in the Purchase Agreement. Order of Court In re: Defendant's Preliminary Objections Before Placey and Smith, J.J., 2/3/20, at 1. The court did not specifically address Count IV of Appellant's complaint.

Appellant filed its notice of appeal on February 28, 2020.[1] By order of March 24, 2020, this Court directed Appellant to show cause within thirty days

___

[1] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal on March 2, 2020. Appellant had not filed the response by March 30, 2020, and due to the COVID pandemic, the trial court

why the appeal should not be quashed as interlocutory because the order did not dispose of all claims and an order directing claims to arbitration is not final. Order, 3/24/20. Appellant responded on April 22, 2020, averring that the appeal was proper under Pa.R.A.P. 341, 311(a)(4), and 313. Appellant's Response to Order of the Superior Court Dated March 24, 2020 to Show Cause Why Appeal Should not be Quashed, 4/22/20. Following Appellant's response, this Court discharged the show-cause order, *per curiam*, on April 23, 2020. Order, 4/23/20.

Appellant presents the following questions for our review:

1. Whether the trial court erred and abused its discretion in sustaining [Appellee's] Preliminary Objection and finding that the material facts pled in [Appellant's] claim in Breach of Contract (Count I) of the Complaint, together with all reasonable inferences deducted therefrom, viewed as a whole, and in the light most favorable to [Appellant], did not state a claim in Breach of Contract under the Employment Agreement for violations of the covenant not to compete upon which relief could be granted?

2. Whether the trial court erred in sustaining [Appellee's] Preliminary Objections to [Appellant's] claim in Breach of Contract (Count I) of the Complaint, stating the restrictive covenant of the Employment Agreement had expired and thus the Employment Agreement did not apply, without any discovery to ascertain the parties' intent related to the Employment Agreement?

_____

*sua sponte* granted Appellant an additional seven days in which to file its 1925 Statement. Although Appellant filed its statement on April 6, 2020, the trial court had not been served with a copy, but it acknowledged that the Cumberland County Court of Common Pleas was operating at a reduced capacity and waived service of the statement under Pa.R.A.P. 1925(b)(1). Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a), 4/27/20, at 3.

3. Whether the trial court erred in sustaining [Appellee's] Preliminary Objections to [Appellee's] claim in Breach of Contract (Count I) of the Complaint by stating the restrictive covenant of the Employment Agreement had expired and thus determining that the restrictive covenant had run while [Appellee] remained in the course of his employment with [Appellant], contrary to the sole purposes for which a non-compete is intended?

4. Whether the trial court erred in sustaining [Appellee's] Preliminary Objections to [Appellant's] claim in Breach of Contract [Count I] of the Complaint and dismissing Count I without granting an injunction whereby [Appellant] had pled facts sufficient to establish a basis for an injunction against [Appellee] based on his violations of the restrictive covenant under the Employment Agreement?

5. Whether Appellant's appeal can be determined on its merits by this Honorable Court as an appeal of a final order pursuant to Pa.R.A.P. 341, or in the alternative, pursuant to Pa.R.A.P. 311 based on the denial of the request for injunctive relief, or in the alternative, pursuant to Pa.R.A.P. 313, as an appeal of a collateral order?

Appellant's Brief at 3-4.

We initially address Appellant's final issue because it directly relates to our ability to reach the merits of the appeal. *McCutcheon v. Philadelphia Elec. Co.*, 788 A.2d 345, 349 (Pa. 2002) ("In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or statute."). *See also Mortgage Electronic Registration Systems, Inc. v. Malehorn*, 16 A.3d 1138, 1141 (Pa. Super. 2011) ("Generally an appellate court only has jurisdiction to review final orders."); *Davis Supermarkets, Inc. v. United Food and Commercial Worker*, 533 A.2d 1068, 1070 (Pa. Super. 1987) (stating it is

- 4 -

this Court's responsibility to determine whether an appeal is properly before us and noting "it is well settled that, unless otherwise permitted by statute, an appeal properly lies only from a final order.").

In support of its argument that we may reach the merits in the instant case, Appellant relies upon Pa.R.A.P. 341 as standing for the proposition that "if the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable." Appellant's Brief at 16. Pa.R.A.P. 341 states in relevant part:

> **(a)** **General rule.**--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b)** **Definition of final order.**--A final order is any order that:
>
> (1) disposes of all claims and of all parties;[.]

Pa.R.A.P. 341(a), (b)(1). Rule 341 was amended in 1992, and the notes to the rule set forth the following distinction between a final order before and after the 1992 amendment to the Rule:

> The 1992 amendment generally eliminated appeals as of right under Pa.R.A.P. 341 from orders that do not end the litigation as to all claims and as to all parties. Prior to 1992, there were cases that deemed an order final if it had the practical effect of putting a party out of court, even if the order did not end the litigation as to all claims and all parties.

Pa.R.A.P. 341, Note.[2]  ***See also Spuglio v. Cugini***, 818 A.2d 1286, 1287 (Pa.

Super. 2003) ("Generally, only final orders are appealable, and final orders

are defined as orders disposing of all claims of all parties.").  In support of its

appeal, Appellant avers that the trial court's order, which dismissed Count I

relating to breach of the non-compete agreement, was final as to all of

Appellant's claims against Appellee as it related to the Employment

Agreement.  Appellant's Brief at 17.  Appellant further avers that Counts II

and III arose under the Purchase Agreement and posits that they should

> be treated as a separate claim accordingly, which claims were
> found by the lower court to be arbitrable under the Purchase
> Agreement.  However, under the lower court's Order, [Appellant]
> has no remaining avenue to proceed with its claims against
> [Appellee] under the Employment Agreement and thus has been
> put out of court with regards to the purported violations of the
> covenant not to compete in the Employment Agreement by
> [Appellee].

Appellant's Brief at 17.  Thus, Appellant argues that it has been put out of

court with regard to the alleged violations of the Employment Agreement.  ***Id***.

In its brief, Appellee responds that a grant of some of the preliminary

objections filed by a party, which dispose of some but not all of the claims, is

interlocutory and not appealable.  Appellee's Brief at 21 (citing ***Spuglio***, 818

A.2d at 1287).  Appellee further argues that the cases relied upon by Appellant

were filed before the rule changed in 1992, as discussed *supra*, when it was

---

[2]  The cases upon which Appellant relies in its brief were all decided before
the 1992 amendment to the rule.  ***See*** Appellant's Brief at 16.

sufficient that an order had the "practical effect" of putting a party out of court. Appellee also avers that an order requiring the parties to submit to arbitration is interlocutory and not appealable. Appellee's Brief at 21 (citing *Niemiec v. Allstate Ins. Co.*, 721 A.2d 807, 808 (Pa. Super. 1998)).

Pursuant to Pa.R.A.P. 341 and relevant case law, we find that the order at issue is not a final, appealable order. Indeed, "orders granting preliminary objections and disposing of some but not all of the underlying claims are interlocutory and unappealable." *Spuglio*, 818 A.2d at 1287. Only Count I of Appellant's complaint, relating to breach of the Employment Agreement, was sustained and dismissed. Counts II and III were sustained and referred to the arbitration process. Order, 2/3/20. "An order directing arbitration, whether statutory or common law, is an interlocutory order and is not immediately appealable." *Campbell v. Fitzgerald Motors Inc.*, 707 A.2d 1167, 1168 (Pa. Super. 1988) (noting that order to arbitrate forces the parties into, rather than out of, court). Appellant has failed to show that the order at issue was a final order; thus, Pa.R.A.P. 341 does not confer jurisdiction on this Court.

Alternatively, Appellant argues that it should be allowed an appeal as of right from an order denying an injunction pursuant to Pa.R.A.P. 311(a)(4). That rule states, in relevant part, as follows:

> (a) **General rule.**--An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(4) *Injunctions.*--An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

> (i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or

> (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4)(i-ii). Appellant argues that pursuant to the rule, "[d]ismissal of the portion of a complaint requesting injunctive relief but leaving for trial a separate request for compensatory damages, constitutes an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(4)." Appellant's Brief at 18 (citing **W. Pittsburgh P'ship v. McNeilly**, 840 A.2d 498 (Pa. Cmwlth. 2004)). Appellant further avers that in its claim for breach of the Employment Agreement, Count I, it requested injunctive relief preventing Appellee from continuing his alleged solicitation of Appellant's clients. Appellant's Brief at 19. In its prayer for relief in its complaint, Appellant seeks a preliminary and permanent injunction, preventing Appellee from, *inter alia*, contacting any previous or current clients of Appellant. Complaint, ¶¶ 47. Thus, Appellant asserts that "[b]y dismissing Count I of [Appellant's] Complaint against [Appellee,] which was its sole cause of action

under the Employment Agreement, the lower [court] thus denied [Appellee's] request for injunctive relief."  Appellant's Brief at 19.

In his brief, Appellee maintains that although Appellant claimed the order deprived Appellant of its ability to seek injunctive relief, injunctive relief was not addressed by the trial court.  Appellee's Brief at 24.  Appellee further posits that Pa.R.A.P. 311 does not provide the means for Appellant to appeal because Count IV of Appellant's complaint was the only count seeking injunctive relief, and Appellee did not file any objection to that count.  *Id.* at 24.  Appellee further avers that Appellant is still able to seek a hearing on its request for an injunction.  *Id*. at 25.

After review, we find that Appellee did not file a preliminary objection addressing Count IV, which sought injunctive relief.  Moreover, Appellee did not raise the issue of injunctive relief in his preliminary objections.  Similarly, other than repeating the request for injunctive relief contained in its prayer for relief, Appellant does not discuss its request for a preliminary injunction in its responses to Appellee's preliminary objections.  Finally, we note that the trial court did not rule on Count IV in its opinion; indeed, the order is similarly devoid of any discussion of the preliminary injunction sought by Appellant. Order of Court, 2/3/20.  Pursuant to Pa.R.A.P. 311(a)(4), an appeal is proper where the order "grants or denies or modifies or refuses to modify continues or refuses to continue, dissolves or refuses to dissolve an injunction…." Pa.R.A.P. 311(a)(4).  In the instant appeal, Appellee did not object to Count

IV, which sought injunctive relief, and the trial court, therefore, did not issue a ruling on Appellant's request for injunctive relief. Thus, we find the order is not one that grants or denies injunctive relief as required by Pa.R.A.P.311(a)(4). Thus, we hold the rule does not provide the avenue through which Appellant can take an appeal as of right.

Finally, Appellant argues in the alternative that even if the appeal is not proper under Pa.R.A.P. 341 or 311, the appeal is proper under Pa.R.A.P. 313, relating to collateral orders. Pa.R.A.P. 313(b) defines a collateral order as "an order separable from and collateral to the main causes of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

In its brief, Appellant contends that it satisfies the requirements of Pa.R.A.P. 313 because Count I is separable from and collateral to the main cause of action because the remaining causes of action relate to the Purchase Agreement and not the Employment Agreement. Appellant's Brief at 20. Appellant posits that the right is too important to be denied review because "the restrictive covenant contained therein has far reaching effects." *Id*. at 21. Finally, Appellant avers that its claim will be irreparably lost. Appellant argues, without relevant citation, that although it may proceed with its claims under the Purchase Agreement via arbitration, "any final decision by an arbitrator on said claims will not allow [Appellant] to appeal the dismissal of

its claims for breach of the covenant not to complete under the Employment Agreement by the lower court." *Id*. at 22.

In response, Appellee avers that Rule 313 is intended to be narrowly interpreted and strictly applied to prevent weakening of Pa.R.A.P. 341. Appellee's Brief at 26 (citing *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)). Appellee further argues that Appellant cannot show that Count I is separable from and collateral to the main cause of action because the question of whether the term at issue ended upon the termination of Appellee's employment or the Employment Agreement, "speaks directly to the merits of the claim." Appellee's Brief at 27. Appellee also asserts that the right is not too important to be denied review noting that restrictive covenants are not favored in Pennsylvania and are viewed as a restraint on trade that restrains an individual's right to earn a living. *Id*. (citing *Hess v. Gebhard & Co.*, 808 A.2d 912, 916 (Pa. 2002)). Finally, Appellee posits that Appellant cannot satisfy the third prong because there is no right that will be irreparably lost if review is postponed until final judgment because Appellant has not lost the right to seek monetary damages which will continue to accrue. Appellee also notes that Appellant's right to injunctive relief has not been lost as Count IV, which seeks injunctive relief, remains viable. *Id*. at 28.

It is well established in this Commonwealth that the collateral order doctrine and "Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue

corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Kelly Systems, Inc. v. Leonard S. Fiore, Inc.*, 198 A.3d 1087, 1091 (Pa. Super. 2018) (quoting *Melvin*, 836 A.2d at 46-47)). When our Supreme Court adopted this narrow construction, it "endeavor[ed] to avoid piecemeal determinations and the consequent protraction of litigation. Such piecemeal litigation imposes a substantial burden on the orderly administration of justice." *Kelly Systems, Inc.*, 198 A.3d at 1091. Finally, we note "every one of its three prongs must be clearly present before collateral appellate review is allowed." *Malehorn*, 16 A.3d at 1142

Appellant fails to cite any case law in its discussion of the first prong of the collateral order rule. Appellant's Brief at 20-21. Indeed, the discussion is limited to its assertion that it has satisfied that prong because "Count I of the Complaint (breach of contract under the Employment Agreement) can be separable from and collateral to the main cause of action, as the sole remaining causes of action arise under the Purchase Agreement between the parties and not the Employment Agreement." *Id*. at 20. This bald assertion, without any additional discussion or analysis, is not sufficient to show the order is collateral as required by our case law. *See Malehorn*, 16 A.3d at 1142.

Moreover, even if we found Appellant satisfied the first prong, it would be unable to satisfy the second prong. Appellant posits that the right involved

is too important to be denied review because the "restrictive covenant contained therein has far reaching effects." Appellant's Brief at 21. However, Appellant fails to discuss those far-reaching effects and instead relies on the trial court's order:

> finding the Employment Agreement terminated while in the course of [Appellee's] employment defeats the sole purposes for which a non-compete is intended, by finding the time period of a non-competition agreement can begin to run while the employee is still currently employed by that employer, a finding which is contrary to the underlying purpose of such non-compete agreements.

*Id.* Here, the trial court's order was based upon the specific language used by Appellant in the Employment Agreement and whether the language of the Employment Agreement/non-compete was triggered upon the end of the employment or the Employment Agreement. Trial Court Opinion, 2/3/20, at 1-2. Appellant has not explained how this specific finding has far reaching effects.

Moreover, it is clear that "the rights involved must implicate more than just the individual parties in the matter, and, instead, must be 'deeply rooted in public policy going beyond the particular litigation at hand.'" *K.C. v. L.A.*, 128 A.3d 774, 779 (Pa. 2015) (*quoting* *Commonwealth v. Williams*, 86 A.3d 771, 782 (Pa. 2014)). In *K.C.*, our Supreme Court found "that the state's paramount interest in the welfare of children and, as a result, in identifying the parties who may participate in child custody proceedings, demonstrates that [the a]ppellants' claimed right to intervene satisfies the importance prong of the collateral order doctrine." *K.C.*, 128 A.3d at 780. Restrictive covenants

are not favored in Pennsylvania, "and have historically been viewed as a trade restraint that prevents a former employee from earning a living." **Hess**, 808 A.2d at 917. Given that Appellant has failed to show any possible far-reaching effects and the fact that restrictive covenants are not favored in Pennsylvania, we find Appellant has also failed to satisfy the second prong of the collateral order test. Thus, we hold Appellant has failed to show the order at issue is collateral as required by Pa.R.A.P. 313.

Because Appellant has failed to show that the order from which it has appealed is a final order or subject to the exceptions found in Pa.R.A.P. 341 and Pa.R.A.P.313, we are without jurisdiction. Accordingly, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/22/2021

- 14 -