J-A19010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABCO, CHASE BANK USA, N.A., AND | : | No. 1412 EDA 2020 |
| EMERSON CLIMATE TECHNOLOGIES | : | |

Appeal from the Order Entered May 5, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at No(s):
No. 180400158

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:            **FILED AUGUST 3, 2021**

Appellant, David Hatchigian, purports to appeal *pro se* from four Orders entered on May 5, 2020.  We quash this appeal as interlocutory.

The relevant facts and procedural history are as follows.  Appellant initiated this action against Appellees, ABCO, Chase Bank, USA, N.A. ("Chase"), and Emerson Climate Technologies ("Emerson") in the Philadelphia municipal court to recover expenses he purportedly incurred in connection with an allegedly defective compressor manufactured by Emerson, sold by ABCO, and purchased by Appellant using a Chase credit card.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The municipal court dismissed Appellant's Complaint and ruled in favor of Appellees. Appellant appealed to the court of common pleas and the matter was placed in the arbitration program. On August 31, 2018, Appellant filed an Amended Complaint against Appellees asserting various breach warranty, breach of contract, unjust enrichment, and negligence claims, and alleging violation of numerous consumer protection and lending laws. Emerson filed cross-claims against ABCO and Chase.

On May 31, 2019, the arbitration panel found in favor of Appellees and dismissed Appellant's Complaint. Appellant appealed the arbitration award.

On January 7, 2020, ABCO moved for Summary Judgment against Appellant. In addition, on January 28, 2020, Chase moved for Summary Judgment on Appellant's claims and Emerson's cross-claims.

On January 30, 2020, Appellant moved for Summary Judgment against all Appellees on his claims.

On March 9, 2020, the trial court denied Chase's Motion for Summary Judgment as to Appellant's claims.

On May 4, 2020, the trial court granted Summary Judgment in favor of Chase on Emerson's cross-claims. That same day, the court granted Summary Judgment in favor of Emerson against Appellant and denied Appellant's Motion for Summary Judgment against all Appellees.

This appeal followed. Appellant challenges the Orders granting Emerson's Motion for Summary Judgment against Appellant, granting ABCO's Motion for Summary Judgment against Appellant, and granting

Chase's Motion for Summary Judgment against Emerson. Appellant also challenges the Order denying his Motion for Summary Judgment against all Appellees.

Before we reach the merits of Appellant's claims, we consider whether we have jurisdiction over this appeal.

Appellant has asserted in his Brief that this Court has jurisdiction over his appeal pursuant to Rule 341. Appellant is mistaken.

Generally, "unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." *Commonwealth v. Sartin*, 708 A.2d 121, 122 (Pa. Super. 1998) (citation omitted). *See also* Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a government unit or trial court.") Pennsylvania Rule of Appellate Procedure 341 defines a final order as follows:

**(b) Definition of Final Order.**--A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to paragraph (c) of this rule[.]

**(c) Determination of finality.**--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any

- 3 -

order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. . . .

Pa.R.A.P. 341 (emphasis in original).

By definition, an order that does not dispose of all claims as to all parties is interlocutory and not final. *See Spuglio v. Cugini*, 818 A.2d 1286, 1287 (Pa. Super. 2003); Pa.R.A.P. 341. The issue of finality impacts our jurisdiction over the appeal. *See In re Estate of Celia*, 12 A.3d 374, 377 (Pa. Super. 2010). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Id.* (brackets in original; citations omitted).

The record reflects that, on March 9, 2020, the trial court denied Chase's Motion for Summary Judgment as to Appellant. The court did not subsequently enter any order resolving Appellant's claims against Chase.[1] Accordingly, Appellant's claims against Chase are unresolved. Although the court entered summary judgment in favor of Emerson and ABCO against Appellant, and in favor of Chase on Emerson's cross-claims, because Appellant's claims against Chase are outstanding, the appealed Orders adjudicate fewer than all the claims and parties. Accordingly, this appeal is interlocutory and we lack jurisdiction to consider the issues raised by Appellant.

---

[1] Appellant did not seek, and the trial court did not grant, a determination of finality pursuant to Pa.R.A.P. 341(c).

Appeal quashed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2021

---

[2] In light of our disposition we deny Emerson's the Motion for Admission *Pro Hac Vice* of Joseph DiRienzo as moot.