J-A19033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARK HUNTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH B. KEY AND ADDISON | : | No. 1517 WDA 2024 |
| TERRACE PHASE 4 L.P., | : | |
| (COLLECTIVELY KBK) | : | |

Appeal from the Order Entered November 2, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-23-8975

BEFORE: BOWES, J., STABILE, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: August 26, 2025**

Mark Hunter appeals *pro se* from the November 2, 2024 order that dismissed his claims against Keith B. Key and Addison Terrace Phase 4 L.P. (collectively "KBK").[1] We dismiss this appeal.

We glean the following background information from the certified record. Hunter owns property adjacent to real estate that KBK was developing in 2019. KBK, represented by the firm Clark Hill, PLC ("Clark Hill"), sued Hunter, alleging that he was interfering with the development. At a hearing scheduled regarding a preliminary injunction, the parties settled the matter, and KBK subsequently obtained a court order enforcing the settlement

---

[1] The trial court's order is dated November 1, 2024, but was not filed until November 2, 2024. We have amended the caption accordingly.

agreement. This Court quashed Hunter's appeal from that order on procedural grounds.[2]

In July 2023, Hunter *pro se* initiated the instant action against KBK and Clark Hill, alleging that KBK breached the prior settlement agreement by failing to sign the written release. He also alleged that KBK and/or Clark Hill engaged in a fraudulent scheme with city officials to prevent Hunter from obtaining the deed to his property. Hunter sought his original asking price for the property, namely $125,000, plus punitive damages.

KBK filed neither preliminary objections nor an answer to Hunter's complaint. Clark Hill filed preliminary objections, which were sustained by the Honorable Alan D. Hertzberg, who entered an order dismissing the complaint with prejudice against Clark Hill only. Hunter thereafter sought to amend his complaint against KBK. KBK opposed the motion to amend by: (1) noting that they had not received service of the original complaint, (2) contending that the contract claim was barred by the statute of limitations, and (3) pointing out deficiencies in the other claims that would be futile to correct through amendment due to the running of the statute of limitations. The trial

_____

[2] The trial court's statements that Hunter "wriggled free" from the settlement agreement because the enforcement order "was ultimately vacated" are incorrect. **See** Trial Court Opinion, 1/24/25, at 3-4. While the judge who entered the enforcement order suggested in his Pa.R.A.P. 1925(a) opinion that the order should be vacated, our quashal of the appeal left it undisturbed.

court denied the motion to amend, *inter alia*, on the basis that the claims Hunter wished to raise were time-barred.[3] ***See*** Order, 11/2/24.

Hunter timely filed the instant appeal from the order denying him leave to amend. The trial court did not order Hunter to file a Pa.R.A.P. 1925(b) statement and none was filed. The court authored a Rule 1925(a) opinion reasserting the bases for its ruling outlined in its order.

In this Court, Hunter filed a woefully deficient brief. In particular, his brief fails to comply with Pa.R.A.P. 2111(a)(1) (statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (statement of the scope and standard of review); and Pa.R.A.P. 2111(a)(4) statement of questions involved). Further, Hunter's brief focused upon the merits of his claims against KBK and the statute of limitations; it does not develop any argument that is supported by citations to pertinent legal authority as is required by Pa.R.A.P. 2119(a) and (b), instead offering citations to three inapplicable decisions of New York courts.

Hunter's failure to abide by the rules has interfered with our ability to conduct meaningful review and thus presents us with grounds to dismiss the appeal. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may

---

[3] The trial court also indicated, incorrectly, that the claims against KBK had been dismissed by the order sustaining only Clark Hill's preliminary objections, and that Hunter could have appealed Judge Hertzberg's order. ***See***, ***e.g.***, ***Spuglio v. Cugini***, 818 A.2d 1286, 1287 (Pa.Super. 2003) ("[O]rders granting preliminary objections and disposing of only some but not all of the underlying parties or claims are interlocutory and unappealable.").

be . . . dismissed."); **Butler v. Illes**, 747 A.2d 943, 944 (Pa.Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." (cleaned up)).

Notwithstanding the shortcomings of Hunter's brief, we afforded him the opportunity to clarify his claims at oral argument, which was held on August 6, 2025. When the case was called, counsel for KBK appeared but Hunter did not. Nor did he advise the Court of any emergency that prohibited his participation. Hunter's failure to attend argument serves as a second, independent basis for us to dismiss this matter without addressing its merits. **See** Pa.R.A.P. 2314 ("If appellant or the moving party is not ready to proceed when a case is called for oral argument, the matter may be dismissed as of course.").

For the above reasons, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/26/2025